McELHENY v. MINNECI.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

1. NOTES—CONSIDERATION—ACCOMMODATION—AMENDMENT.
 Where, in an action on a note, defendant pleaded that it was given as accommodation, and without consideration, an amendment, based on evidence adduced by plaintiff, setting up that it was to be paid out of profits in a new business, and that, as there were no profits, plaintiff could not recover, was inconsistent, and properly refused.

2. SAME.
 The motion to amend came too late after the evidence was given.

3. SAME.
 The amendment was not supported by plaintiff's evidence merely that he was willing to apply the profits of the new business on the note.

Appeal from trial term, New York county.

Action by Victor K. McElheny, Jr., as assignee of the E. L. Goodsell Company, against Salvatore Minneci. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Henry W. Harden, for appellant.
William M. Bennett, for respondent.

O'BRIEN, J. The action was brought to recover on a promissory note. The defense admits the making of the note, but claims it was "wholly without consideration, and at the request of the said plaintiff's assignor, and for its accommodation only." At the time the note was given, the defendant had been engaged in business in New York City as agent for Perez, Pizzuto & Fontana, exporters of fruit from Italy to New York, and in that capacity he had employed the Goodsell Company, the plaintiff's assignor, as auctioneers to dispose of the fruit shipped from the Italian firm. The Goodsell Company had opened a banker's credit, available in Sicily, in favor of Perez, Pizzuto & Fontana; took up the drafts drawn against that credit,—sometimes paying freight and duty as well,—and, after deducting these sums and other charges from the proceeds of the sale, remitted the balance, if any, to Sicily, giving the defendant a statement of the account. The business so conducted entailed a loss represented by the indebtedness to the Goodsell Company for an amount equal to that included in the note. One of the contentions upon the trial was whether the indebtedness at the time the note was given was that of the defendant, or one which was incurred by him merely as agent or broker for the firm of Perez, Pizzuto & Fontana. It does not clearly appear that the defendant was a member of the firm, or in what way he became responsible as a principal. It does appear, however, that the Goodsell Company claimed that the defendant was personally liable to them, and that, when he asked for the new credit on the formation of a new firm of which he was a member, they insisted upon having his note to close up the old account. While he

admits the making and delivery of the note, he says he did so relying upon the statement that he was not to be "troubled" about it, and that its purpose was merely to close up the books of the Goodsell Company in reference to the transactions with the Sicily firm. This is denied. The Goodsell Company say that, although the word "troubled" may have been used, what they meant by "troubled" was that the defendant was not to be pressed for immediate payment, and that, as consideration for his giving the note, they would wait a reasonable time for payment, and would give a new credit to the new firm into which the defendant had entered. The question of whether the defendant was originally liable to the Goodsell Company, or whether he was merely the agent of the Sicily firm, was submitted to the jury as one of fact, as was also the question of whether he was induced to make the note upon the assurance that he would not be compelled or called upon to meet it. One of the witnesses for the plaintiff testified that at the time the note was given he questioned the defendant about the probable profits of the new firm, and, when informed of the amount, he expressed a willingness to apply a portion of such profits on the note. After this evidence was given, a motion was made to amend the answer by setting forth that the agreement was that the note was to be paid out of the profits of the new business, and that, as there were no profits, the plaintiff could not recover. We think that the denial of the motion to amend, based upon such testimony, was proper, for the reason that it was made too late, was entirely inconsistent with the one pleaded in the answer, and at best was not a defense; the witness testifying merely that the Goodsell Company were willing to apply the profits of the new business on the note, which is quite a different thing from the amendment, sought to be introduced, of no profits, no pay.

Judgment is affirmed, with costs. All concur.